UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Gene Darrough, individually and on behalf of all others similarly situated,<br><br>     Plaintiff<br>v.<br>SOC LLC, et al.,<br><br>     Defendants | Case No. 2:20-cv-01951-CDS-BNW<br><br>**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss**<br><br>[ECF No. 59] |
| Nicholas DeFiore, individually and on behalf of all others similarly situated, et al.,<br><br>     Plaintiffs<br>v.<br>SOC LLC, et al.,<br><br>     Defendants | Case No. 2:20-cv-01981-CDS-DJA<br><br>**Order Granting in Part and Denying in Part Defendants' Motion to Dismiss**<br><br>[ECF No. 59] |

    Defendants SOC LLC ("SOC"), SOC-SMG, Inc. ("SOC-SMG"), and Day & Zimmermann, Inc. (collectively, "defendants") filed a consolidated motion to dismiss plaintiffs Gene Darrough and Nicholas DeFiore's amended complaints (Darrough am. compl., ECF No. 56; DeFiore am. compl., ECF No. 56). Mot. to dismiss, ECF No. 59 (Darrough); ECF No. 59 (DeFiore).[1] In their amended complaints, plaintiffs, who were previously employed by defendants to provide war-zone security services to the Department of Defense (DOD) in Iraq, make allegations of false promises and representations regarding work conditions. Darrough and DeFiore oppose the

---

[1] Because the consolidated motions filed in *Darrough* and *DeFiore* are identical, the court refers only to the motion to dismiss filed in *Darrough* (ECF No. 59) throughout this order.

consolidated motion to dismiss. ECF No. 60 (Darrough).[2] For the reasons set forth herein, defendants' consolidated motion to dismiss is granted in part and denied in part.

I.   Background

Plaintiff Gene Darrough filed his amended complaint against defendants on August 13, 2024. Darrough am. compl., ECF No. 56. Plaintiffs Nicholas DeFiore, along with twenty-eight other plaintiffs,[3] filed their complaint against defendants on the same day. DeFiore am. compl., ECF No. 56. The complaints are substantially similar.[4] *Compare* DeFiore am. compl., ECF No. 56, *with* Darrough am. compl., ECF No. 56.

Plaintiffs were employed as armed guards by SOC, providing security to DOD bases in Iraq. DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1. SOC, which stands for "Securing Our Country," provides worldwide security services for individuals, domestic facilities, nuclear power plants, and military bases. DeFiore am. compl., ECF No. 56 at ¶ 5; *see also* Darrough am. compl., ECF No. 56 at ¶ 5. SOC is owned by SOC-SMG and Day & Zimmermann. DeFiore am. compl., ECF No. 56 at ¶ 2; *see also* Darrough am. compl., ECF No. 56 at ¶ 2.

Plaintiffs bring this action alleging that SOC recruited them under false promises "with respect to the schedule [they] would work." DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1. Plaintiffs allege that the working conditions were "not

---

[2] It appears plaintiffs erroneously failed to file the opposition in the *DeFiore* case. For this reason, and clarity of record, the court refers only to the response filed in *Darrough* (ECF No. 60) throughout this order. The plaintiffs are directed to file the opposition in *DeFiore*.

[3] The other plaintiffs are Keith Quick, Neil Robinson, Christopher Williams, Shawn Whitehead, Paul Mills, Jr., Rene Perez, Robert Herring, Houston Williams, Allen Cain, Richard Landry, Warren Woods, Arnold Alexander, Daniel Mercanton, David Wolderzak, Jaquelyn Joubert-Young, Abdelrahim Khamis, Curtis Watson, Joseph Scott, Babatunda Douglas, Dustin Boyle, Alfredo Luis Cruz, George Munn, Todd Dupont, Jerome Mundy, Benton Williams Jr., Eduardo Zuniga, Christopher Warren, Christopher Fields, Plaintiffs-in-Intervention Kelvin Hardin, Kenneth Robinson, and Marlesh Mbory.

[4] All plaintiffs in the present actions were also members of the putative Risinger class action. *See Risinger v. SOC LLC*, No. 2:12-cv-00063-MMD-PAL (D. Nev.). The class consisted of 1,298 of defendants' employees who worked across 22 bases in Iraq. The class was certified on September 30, 2015, but ultimately, decertified on July 26, 2019, with reconsideration of that order denied on September 30, 2019. ECF No. 374 in *Risinger*.

revealed" to them "until after they had agreed to overseas employment" and "had been physically transported to Iraq." DeFiore am. compl., ECF No. 56 at ¶ 1. Once in Iraq, they were forced to "work in ultra-hazardous conditions in excess of 12 hours per day without meals or rest periods, seven days per week." DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1. According to the complaints, this "directly violated not only the representations made by SOC to secure Plaintiffs' employment, but its [DOD] contract[.]" DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1. That contract mandated that SOC would not require any guard to work longer than one twelve-hour shift per twenty-four-hour period, and not more than seventy-two hours per week (i.e., the "6/12 schedule"). DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1. Plaintiffs further allege that "SOC thus subjected Plaintiffs and SOC's clients, including the United States of America, to undue risk by jeopardizing the physical and psychological condition of [plaintiffs] in the course of ultra-hazardous activities." DeFiore am. compl., ECF No. 56 at ¶ 1; *see also* Darrough am. compl., ECF No. 56 at ¶ 1.

The complaints assert eight claims for relief: (1) promissory fraud; (2) negligent misrepresentation; (3) unjust enrichment–fraud; (4) money had and received; (5) breach of contract; (6) breach of covenant of good faith and fair dealing; (7) quantum meruit; and (8) unjust enrichment–breach of contract. *See generally* DeFiore am. compl., ECF No. 56; *see also* Darrough am. compl., ECF No. 56. Defendants move to dismiss counts one through four, as well as count eight, for failure to plead with specificity as required by Rule 9(b) and count six for failure to state a claim for relief. *See generally* ECF No. 59. Defendants also argue that plaintiffs' alter ego allegations are insufficient, so they move to dismiss SOC-SMG and Day & Zimmermann. *Id.* Last, Defendants argue that the claims brought by the "plaintiffs-in-intervention" in the DeFiore case are untimely and should be dismissed with prejudice. *Id.*

3

## II. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

III.   Discussion

   A. Federal Rule of Civil Procedure 9(b) (counts one through four, count eight)

Allegations based in fraud must be pled with particularity in accordance with Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud must "state with particularity the circumstances constituting fraud . . . , [although] [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong. . . . Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). This requires an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted). The plaintiff must also explain what is false or misleading about the purportedly fraudulent statement, and why it is false. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1546 (9th Cir. 1994). A claim that is "grounded in fraud" or "sounds in fraud" must satisfy Rule 9(b). *Vess*, 317 F.3d at 1106.

Plaintiffs allege that defendants orchestrated a broad scheme that included false representations about employees' future salary and work conditions in Iraq. DeFiore am. compl., ECF No. 56 at ¶¶ 41–48; *see also* Darrough am. compl., ECF No. 56 at ¶¶ 10–20. Plaintiffs also allege that defendants knew that the representations were false and fraudulent at the time they made them, and that defendants had no intention to honor the representations. DeFiore am. compl., ECF No. 56 at ¶ 54; *see also* Darrough am. compl., ECF No. 56 at ¶ 26. Because of these statements, plaintiffs raise claims alleging promissory fraud, negligent representation, tortious and contractual unjust enrichment,[5] and money had and received., which are subject to the

---

[5] Plaintiffs again bring two claims for unjust enrichment: "unjust enrichment – promissory fraud" (count three), and "unjust enrichment–breach of contract" (count eight). In my prior order dismissing the first complaint I treated these two claims as one quasi-contract theory of recovery because plaintiffs did not

5

heightened pleading standard under Rule 9(b). *See generally* DeFiore am. compl., ECF No. 56; *see also* Darrough am. compl., ECF No. 56.

Defendants move to dismiss plaintiffs' fraud claims because the amended complaint again fails to meet the heightened pleading standard. ECF No. 59 at 18. Defendants argue that, although plaintiffs "have added some detail about various purportedly false statements made by specific individuals, they have made no effort to specifically identify what misrepresentations each Plaintiff allegedly *relied upon.*" *Id.* at 18–19 (citing DeFiore am. compl., ECF No. 56 at ¶ 45 and Darrough am. compl., ECF No. 56 at ¶ 16) (emphasis in original). Defendants also argue that although plaintiffs had identified some of the "Recruiters" who allegedly made false statements, they have failed to allege "which, if any, Plaintiff participated in such a call, let alone when such a call occurred and who made a false statement on a call attended by any Plaintiff." *Id.* at 19. Defendants argue instead that "Plaintiffs have formulaically alleged for each Plaintiff that 'Defendants, through the Recruiters and other employees, misrepresented to [each Plaintiff] that he could expect a 6/12 schedule within a few months of, immediately prior to, and in' the month when Plaintiff first deployed to Iraq." *Id.* at 19 (citing DeFiore am. compl., ECF No. 56 at ¶ 46(a)–(ff), and Darrough am. compl. ECF No. 56 at ¶ 17). Defendants further argue that although plaintiffs have added details that the statements were made during an alleged, mandatory orientation in either Chicago or Nevada, plaintiffs have not alleged "if, when, or where each Plaintiff purportedly heard these false statements[.]" ECF No. 59 at 19.

In their opposition, plaintiffs argue that the defendants are requesting them to go above and beyond the already stringent requirements of Rule 9(b) and that they specifically remedied the problems in their first complaint that were identified by the court in its dismissal order. Resp., ECF No. 60 at 13. Plaintiffs argue that because they allege fraud against a corporation,

---

demonstrate any meaningful difference between counts three and eight. *See* Order, ECF No. 55 at 5 n.6. A review of the amended complaint demonstrates that these claims are identical to the claims brought in the original complaint. Plaintiffs seemingly to concede that these two claims should be combined as they refer only to one "unjust enrichment claim." ECF No. 60 at 18. Therefore, I again treat these two counts as one quasi-contract theory of recovery.

they are entitled to use group pleading. *Id.* (citing *In re Stratosphere Corp. Sec. Litig.*, 1 F. Supp. 2d 1096, 1108 (D. Nev. 1998)). They contend that identifying the employee who made the representation by their job title or responsibilities is sufficient. *Id.* (citing *Odom v. Microsoft Corp.*, 486 F.3d 541 (9th Cir. 2007)).

In their reply, defendants reiterate that plaintiffs have not identified with particularity which, if any, of the alleged recruiters participated in any of the specific recruiting calls, when the calls occurred, and which recruiters made any alleged false statements on a call attended by any plaintiff. ECF No. 62 at 10. Because the pleading burden is on the plaintiffs, defendants also argue that the plaintiffs have not identified "if, when, or where each Plaintiff purportedly heard false statements at a specific in-person orientation." *Id.* at 10–11. "And Plaintiffs' allegation that they were again told about the 6/12 schedule upon arrival in Iraq likewise fails to identify from whom each Plaintiff heard the specific alleged misrepresentation and exactly when each Plaintiff heard the alleged misrepresentation." *Id.* at 11 (citing DeFiore am. compl., ECF No. 56 at ¶ 45(d); Darrough am. compl., ECF No. 56 at ¶ 16(d)). Defendants also argue that plaintiffs are asking the court to adopt a lower pleading standard because this is a case of "corporate fraud." *Id.* But defendants state that plaintiffs cite to authorities that involve scenarios where "courts determined that group pleading as to conduct by *multiple defendants* was permissible." *Id.* (citing multiple cases) (emphasis in original). According to defendants, because plaintiffs' allegations concern the conduct of multiple *plaintiffs*, this case law is therefore inapposite. *Id.*

Plaintiffs' amended complaints again fails to meet the heightened pleading requirement under Rule 9(b). Plaintiffs cite no case law indicating that the group pleading standard can be used to apply to the alleged conduct of multiple plaintiffs without meeting Rule 9(b)'s specificity requirement. The case law plaintiffs cite to involve scenarios where courts found that group pleading as to conduct by multiple defendants was permissible. *See In re Stratosphhere*, 1 F. Supp. 2d at 1108 (allowing plaintiffs to use group pleading doctrine instead of naming specific **defendants**) (emphasis added); *Juju, Inc. v. Native Media, LLC*, 2020 WL 3208800, at *8 n.5 (D. Del.

June 15, 2020) ("[I]t is true that normally, when a plaintiff asserts fraud claims, Rule 9(b) requires that the plaintiff separately plead the allegedly fraudulent acts of each **defendant** . . . But in cases like this, where details about the alleged fraud at issue are peculiarly in the control of the **defendants**, there is 'no per se rule that group pleading cannot satisfy Rule 9(b).'" (quoting *In re Genesis Health Ventures, Inc.*, 355 B.R. 438, 455 (Bankr. D. Del. 2006) (emphasis added)); *Odom*, 486 F.3d at 554 (holding that Rule 9 is not offended when the plaintiff cannot identify the name of which **defendant** engaged in which representation) (emphasis added). Therefore, the argument that plaintiffs are entitled to group pleading is unpersuasive.

Indeed, in this circuit, a "complaint must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). Although the complaints do identify some names of the recruiters involved with the group recruiting calls, the amended complaints do not allege or identify which, if any, of the plaintiffs participated in such calls or when the calls occurred. Consequently, it is not clear whether any plaintiff participated in a group recruiting call or even heard the call script that contained an alleged misrepresentation, nor what was said that constituted the alleged misrepresentation. Instead, the amended complaints generically allege that "the Recruiters always discussed the 12 hours a day, 6 days a week schedule with recruits, so the call script included a bullet point as a topic to be discussed." DeFiore am. compl., ECF No. 56 at ¶ 45(a); *see also* Darrough am. compl, ECF No. 56 at ¶ 16(a). The amended complaint also fails to allege with any specificity what, where, and when plaintiffs attended these group orientations. For example, the DeFiore complaint restates the same statement for each plaintiff: "Defendants, through the Recruiters and other employees, misrepresented to [plaintiff name] that he could expect a 6/12 schedule within a few months of, immediately prior to, and in, [month of deployment]." *See* DeFiore am. compl., ECF No. 56 at ¶ 45(a)–(ff). But these statements lack the required when, where, and how to meet the specificity requirement. Indeed, it is unclear from the complaint "who—with respect to each particular

8

plaintiff—*received* each alleged misrepresentation *and when*." *Agena v. Cleaver-Brooks, Inc.*, 2019 U.S. Dist. LEXIS 231710, at *26 (D. Haw. Oct. 31, 2019) (emphasis in original). "To avoid dismissal for inadequacy under Rule 9(b) [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards*, 356 F.3d at 1066. Here, the time, place, and specific context of the alleged false representations, as well as the identities of which plaintiff was a party to which misrepresentation, are all still missing from the complaint. *Sanford*, 625 F.3d. at 558; *see United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that Rule 9(b) was not satisfied when plaintiffs did not "identify the [defendant's] employees who performed the tests, or provide any **dates, times, or places** the tests were conducted) (emphasis added). Therefore, plaintiffs have failed to surpass the heightened pleading standard Rule 9(b) requires and their fraud claims are therefore dismissed. Defendants' motion to dismiss is granted as to these claims.

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto*, 957 F.2d at 658. Although this case has been going on for years and plaintiffs have yet to plead their fraud claims with the required specificity, it is not entirely clear that amendment would be futile. Therefore, plaintiffs' fraud claims: promissory fraud, negligent representation, tortious and contractual unjust enrichment, and money had and received are dismissed without prejudice .Should plaintiffs choose to file a third amended complaint addressing the deficiencies in these claims, they must do so no later than two weeks after the date of this order.

### B. Plaintiffs' breach of implied covenant of good faith and fair dealing claim is dismissed with prejudice.

Plaintiffs again bring a breach of implied covenant of good faith and fair dealing claim. *See* DeFiore am. compl., ECF No. 56 at ¶¶ 82–88; *see also* Darrough am. compl., ECF No. 56 at ¶¶ 54–

60. In my prior order dismissing the original complaint, I dismissed this claim because it was identical to the plaintiffs' breach of contract claim. Order, ECF No. 55 at 9. Defendants argue that this claim must be dismissed again because "Plaintiffs failed to make even a single substantive amendment to [the breach of contract claim or the breach of implied covenant claim], warranting dismissal on the same grounds and with prejudice. In their opposition, plaintiffs do not deny that the claims in the amended complaint are identical to the ones in the original complaint. Instead, plaintiffs argue that

> [i]n its July Order, the Court reasoned that Plaintiffs' allegations supporting their breach of the implied covenant of good faith and fair dealing cause of action were duplicative of the breach of contract allegations because both concern the 6/12 Schedule. *See* ECF No. 55, pp. 9–10. There is, in fact, a subtle difference. As discussed above, Defendants' contention is that the 6/12 Schedule was not contemplated within the terms of Plaintiffs' employment agreements. Therefore, if Defendants are successful in their argument, the contracts would be silent as to the schedule that Plaintiffs were expected to adhere to while serving as armed guards in Iraq. If that is the case, the question becomes – did Defendants act in good faith in working Plaintiffs seven days a week, in excess of twelve hours per day, when their contract with the United States required them to adhere to a 6/12 Schedule?

ECF No. 60 at 21. Instead of making any changes to the claims in the amended complaint, plaintiffs argue that my prior order dismissing the claim was incorrect and that there is actually a "subtle difference" between each claim. This is tantamount to a request that I reconsider my prior order. However, the request that I reconsider my prior order is improper in both substance and procedure. *See Marquez-Perez v. Nevada*, 2023 U.S. Dist. LEXIS 22085, at *4 (D. Nev. Feb. 8, 2023) (rejecting a motion for reconsideration when it attempts to re-argue or clarify points made in the original motion); *see also Lorenzo v. Qualcomm Inc.*, 2009 WL 2448375, at *4 n.1 (S.D. Cal. Aug. 10, 2009) (holding that it is procedurally improper to use an amended complaint, rather than a motion for reconsideration, to relitigate issues already dealt with). Because plaintiffs have made no changes to their breach of implied covenant of good faith and fair dealing claim, it remains duplicative of their breach of contract claim and it cannot survive. *Stebbins v.*

*Geico Ins. Agency*, 2019 WL 281281 at *2 (D. Nev. Jan. 22, 2019) (finding a breach of the implied covenant of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim). When I dismissed the breach of implied covenant claim in the original complaint, I dismissed it without prejudice and gave plaintiffs the opportunity to cure the deficiencies and re-plead the claim. Plaintiffs did not cure the deficiencies.[6] Therefore, as plaintiffs were already given the opportunity to amend the claim and chose not to, I find that amendment here would be futile. The breach of implied covenant of good faith and fair dealing claim is dismissed with prejudice.

### C. All claims against SOC-SMG are dismissed.

Plaintiffs argue that SOC-SMG, Inc. and Day & Zimmerman Inc., despite being members of SOC LLC, are proper parties and can be held liable for these allegations because they entered into a joint venture with SOC LLC. DeFiore am. compl, ECF No. 56 at ¶¶ 49–51; *see also* Darrough am. compl., ECF No. 56 at ¶¶ 21–23. As alleged, plaintiffs contend that "[a]ll members of a joint venture are jointly and severally for wrongful acts committed in furtherance of the joint enterprise," DeFiore am. compl., ECF No. 56 at ¶ 50; *see also* Darrough am. compl., ECF No. 56 at ¶ 22. Plaintiffs further allege that "not only did [Day & Zimmerman] and SOC-SMG actively engage in the fraudulent and negligent conduct alleged herein, [Day & Zimmerman] and SOC-SMG are liable as joint venturers because the wrongful acts alleged herein were done by [Day & Zimmerman] and SOC-SMG in furtherance of, and within the scope of, the joint venture." DeFiore am. compl., ECF No. 56 at ¶ 51; *see also* Darrough am. compl., ECF No. 56 at ¶ 23.

Defendants first argue that the "'principles of law related to joint ventures' have no application to [SOC-SMG and Day & Zimmerman], who adopted the corporate formalities of a Delaware limited liability company, SOC LLC, to structure their business." ECF No. 59 at 15.

---

[6] Even accepting as true plaintiffs' "subtle difference" argument, it does not change the outcome because it's the same conduct alleged for both claims. *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (citation omitted) ("It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim.").

Nevada, defendants point out, defines joint ventures as an "informal partnership" and applies its Uniform Partnership Act,[7] to joint ventures. *Id.* (citing *Baroi v. Platinum Condo. Dev., LLC*, 2012 U.S. Dist. LEXIS 95729, at *5–6 (D. Nev. July 10, 2012). However, Nevada respects the long-standing principle of corporate law that "an entity formed pursuant to other statutory authority,"—e.g., the Delaware LLC Act, under which SOC-SMG and Day & Zimmermann formed SOC LLC—"is governed by the body of law pursuant to which the entity was formed." *Id.* (citing *Baroi*, 2012 U.S. Dist. LEXIS 95729, at *7; *Uhlmeyer v. USAA Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 25538, at *11 (D. Nev. Feb. 13, 2020); Nev. Rev. Stat. § 87.060(2) ("Any association formed under any other statute of this State, or any statute adopted by authority, other than the authority of this State, is not a partnership[.]")). Because SOC-SMG and Day & Zimmerman are members of an LLC registered and doing business in Nevada, they are not joint venturers and not proper parties to a proceeding "by or against the company." *Id.* (citing Nev. Rev. Stat. § 86.381).

Defendants next argue that the amended complaint "continues to define SOC LLC and [SOC-SMG and Day & Zimmerman] collectively as 'SOC' and then proceed[s] to allege that 'SOC' committed various wrongful acts in violation of Plaintiffs' 'written employment agreement with SOC.'" *Id.* at 16. However, "there can be no doubt that each Plaintiff had an employment agreement with SOC LLC alone." *Id.*

In response, plaintiffs argue that SOC-SMG and Day & Zimmerman are proper parties because "the thrust of Plaintiffs' allegations concerning [SOC-SMG and Day & Zimmerman] is that they participated in the wrongdoing." ECF No. 60 at 22. Plaintiffs also reiterate that SOC-SMG and Day & Zimmerman are joint venturers under Nev. Rev. Stat. § 87.150 and so "while [SOC-SMG and Day & Zimmerman] might be members of SOC LLC and would generally be shielded from liability, because they are joint venturers in the enterprise, if one of them participated in the fraud or were negligent in making misrepresentations, both are liable." *Id.*

---

[7] Nev. Rev. Stat. § 87.001–565.

Nevada's Uniform Partnership Act governs partnership law in this state. Nev. Rev. Stat. ch. 87; *see also Baroi*, 2012 U.S. Dist. LEXIS 95729, at *7. The Uniform Partnership Act provides that "[a]ny association formed under any other statute of this State, or any statute adopted by authority, other than the authority of this State, is not a partnership under NRS 87.010 to 87.430." Nev. Rev. Stat. § 87.060(2). "Instead, an entity formed pursuant to other statutory authority is governed by the body of law pursuant to which the entity was formed." *Baroi*, 2012 U.S. Dist. LEXIS 95729, at *7. In their amended complaints, plaintiffs acknowledge that SOC LLC is a "Delaware limited liability company." DeFiore Am. compl., ECF No. 56 at ¶ 2; *see also* Darrough Am. compl., ECF No. 56 at ¶ 2. Because SOC LLC is a Delaware limited liability company, which was formed under the authority of the state of Delaware, it is not governed by the Nevada Uniform Partnership Act. *See* Nev. Rev. Stat. § 87.060(2) ("Any association formed under any other statute of this State, or any statute adopted by authority, other than the authority of this State, is not a partnership under NRS 87.010 to 87.430[.]"). Therefore, its members are not joint venturers. *See Baroi*, 2012 U.S. Dist. LEXIS 95729, at *3 (the "unequivocal existence of a definite business form is the most reliable express of the relationship among the parties").

Because SOC-SMG and Day & Zimmerman are not joint venturers and cannot be held liable on that theory, I assess whether plaintiffs have properly alleged that SOC-SMG and Day & Zimmerman participated in the wrongdoing. To hold members of an LLC liable for tortious actions, the members must have personally participated in the tortious act. *See Gardner v. Henderson Water Park, LLC*, 399 P.3d 350, 351 (Nev. 2017).[8] Turning first to Day & Zimmerman, plaintiffs allege that the recruiters used in the group recruiting calls were employed by Day &

---

[8] SOC LLC is a Delaware limited liability company. ECF No. 56 at ¶ 2; *see also* Darrough Am. compl., ECF No. 56 at ¶ 2. Neither party has put forth argument as to whether Delaware or Nevada law applies here. However, I note that Delaware law applies the same test. *See Reserves Dev. LLC v Crystal Props., LLC*, 2009 Del. Super. LEXIS 198, at *27 (Del. Super. Ct. May 18, 2009) ("To impose personal liability on a member of a limited liability company for its torts, the member must have participated in them.") (internal citation omitted).

13

Zimmerman. DeFiore am. compl., ECF No. 56 at ¶ 45 (a) ("The recruiters initially included the following individuals employed by Defendants: Tom Wilson, Angela Broyles, and Paul Bogart (the "Recruiters"), all of whom were employed by Day & Zimmerman."); *see also* Darrough am. compl., ECF No. 56 at ¶ 16(a) (same). Taking these facts in the light most favorable to plaintiffs, a reasonable inference can be drawn that the recruiters were working on behalf of Day & Zimmerman when they participated in these group calls and created the alleged call list. *See Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014) ("Although the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed."). Therefore, at this stage in the proceedings, Day & Zimmerman are proper defendants.

However, plaintiffs have failed to allege any facts that would allow me to find that SOC-SMG personally participated in the alleged wrongdoing. Darrough's sole allegation against SOC-SMG is that "Plaintiff is informed and believes, and based thereon alleges that SOC-SMG, Inc. and Day & Zimmerman, Inc. made demands upon SOC LLC to falsify the time records so that they were not found to have violated their contract with the Department of Defense, and ratified and approved the falsified records knowing them to be false." Darrough am. compl., ECF No. 56 at ¶ 20.[9] This allegation is wholly conclusory and cannot withstand a motion to dismiss. *See Mann v. City of Tucson*, 782 F.2d 790, 793 (9th Cir. 1986) (per curium). Given that plaintiffs have continually failed to plead allegations supporting SOC-SMG as a proper party, plaintiffs' claims against SOC-SMG are dismissed with prejudice.

### D.  The intervenor plaintiffs are proper parties to this action.

Defendants argue that all of the intervenor-plaintiffs' claims should be dismissed. Defendants argue that intervenor-plaintiff Gregory Niffen's motion to intervene is untimely. ECF No. 59 at 23. However, I recently found that Niffen's motion to intervene was timely and

---

[9] Notably, this allegation is absent from the DeFiore amended complaint.

1  allowed him to intervene. Order, ECF No. 63. Therefore, I decline to dismiss Niffen's claims at
2  this time.
3        Defendants also argue that intervenor-plaintiffs Kelvin Hardin, Kenneth Robinson, and
4  Marlesh Mbory's claims should be dismissed because the proposed intervenors have not yet filed
5  a motion to intervene in the action. ECF No. 59 at 22. In response, Plaintiffs argue that prior to
6  the removal from state court, Hardin, Robinson, and Mbory filed a motion to intervene, to which
7  defendants did not oppose, and were granted the right to intervene. ECF No. 60 at 23. Therefore,
8  their claims are proper. *Id.* In their reply, defendants argue that the Nevada state court entered
9  the order granting the motion to intervene when the court lacked jurisdiction over the case due
10 to the defendants' interlocutory appeal pending before the Ninth Circuit. ECF No. 62 at 15.
11 Therefore, defendants believe the order is void ab initio.
12       Although an appeal can automatically stay a proceeding in the district court from which
13 the appeal came, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023), the same is not true for state
14 court. *See City & Cnty. of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1122 (9th Cir. 2006)
15 (acknowledging that "the entry of a remand order ends the proceeding in the federal court and
16 the state court (or other) proceeding gets under way" and the reality that the state court case
17 may proceed to judgment before a decision is made in any pending appeal of the remand). The
18 DeFiore case was remanded to the Eighth Judicial District Court, Clark County, Nevada on
19 February 5, 2021. Mins. of proceedings, ECF No. 34. Defendants appealed the removal on
20 February 12, 2021. Notice of appeal, ECF No. 36. While that appeal was pending, the case was
21 returned to state court and intervenor plaintiffs filed their motion to intervene on June 9, 2021.
22 *DeFiore et al. v. SOC LLC, et al.*, Case No. A-20-823307-C. Additionally on June 25, 2021, defendants
23 filed a motion to stay the case.[10] *Id.* On July 7, 2021, Judge Johnson granted both the motion to
24 stay and the motion to intervene. *Id.* The case was not stayed when Judge Johnson granted the

---

26 [10] This further weakens defendants' argument that the case was automatically stayed pending the Ninth Circuit appeal.

motion to intervene, and so Judge Johnson properly granted the motion. Therefore, intervenors Hardin, Robinson, and Mbory are proper parties in this action.[11]

I note, however, that the briefing relating to Niffen's motion to intervene included extensive briefing on the question of whether Niffen's claims were barred by the statute of limitations. *See* ECF Nos. 48, 52, 53. I declined to conclusively rule on the issue in deciding on the motion to intervene. ECF No. 63. Although the briefing for the motion to dismiss touches upon this question, it does not provide similar extensive analysis from either party as to whether the intervenor-plaintiffs' claims are barred by statutes of limitations. *See* ECF Nos. 59, 62. Therefore, as set forth in the conclusion of this order, the parties are ordered to provide supplemental briefing on whether plaintiff-intervenors Niffen, Hardin, Robinson, and Mbory's claims are barred by the statute of limitations.

IV.   Conclusion

IT IS THEREFORE ORDERED that defendants' consolidated motion to dismiss **[DeFiore: ECF No. 59, Darrough: ECF No. 59] is GRANTED in part and DENIED in part.** Plaintiffs' fraud claims: promissory fraud, negligent representation, tortious and contractual unjust enrichment, and money had and received are **dismissed without prejudice.** Additionally, plaintiffs' breach of implied covenant of good faith and fair dealing claim is **dismissed with prejudice.**

IT IS FURTHER ORDERED that all claims against SOC-SMG are **dismissed with prejudice.**

IT IS FURTHER ORDERED that should plaintiffs wish to file a second amended complaint to replead their fraud claims they must do so **no later than May 23, 2025**.

---

[11] The docket does not yet reflect Hardin, Robinson, and Mbory as intervenors in this case. I will provide the clerk directions to add them as intervenors in the conclusion of this order.

IT IS FURTHER ORDERED that the parties are to submit briefs no longer than five pages by **May 30, 2025,** for the limited purpose of determining whether the intervenor-plaintiffs' claims are barred by statutes of limitations.

The Clerk of Court is kindly instructed to add Kelvin Hardin, Kenneth Robinson, and Marlesh Mbory as intervenor-plaintiffs in *DeFiore, et al. v. SOC LLC, et al.*, Case No. 2:20-cv-01981-CDS-DJA.

The plaintiffs are kindly instructed to file the response to the motion to dismiss (ECF No. 60 in *Darrough v. SOC LLC*, Case No. 2:20-cv-01951-CDS-DJA) into the *DeFiore* case.

Dated: May 12, 2025

_____
Cristina D. Silva
United States District Judge